## UNITED STATES v. LOGAN.

(Circuit Court, D. Oregon. December 6, 1900.)

1. INDIANS—CRIMINAL OFFENSES—ASSAULT COMMITTED ON RESERVATION.

Under Act March 3, 1885 (23 Stat. 385, § 9), which provides that an Indian committing any one of certain named crimes against the person or property of another Indian or other person within the boundaries of any state and within the limits of any Indian reservation "shall be subject to the same laws, tried in the same courts, and in the same manner, and subject to the same penalties as are all other persons committing any of the above crimes within the exclusive jurisdiction of the United States," an Indian who commits an assault with intent to kill upon another Indian on a reservation within a state is indictable therefor in a court of the United States, under Rev. St. § 5346, which provides for the punishment of such crime when committed by any person "within the admiralty jurisdiction of the United States and out of the jurisdiction of any particular state."

2. SAME—INDICTMENT.

To bring a defendant within the provision of such two statutes, however, the indictment must allege that he is an Indian.

3. SAME—ALLOTTEES OF LANDS—STATUS.

The allotment of lands in severalty to an Indian on a reservation under Act Feb. 8, 1887, does not exempt him from the operation of regulations provided for the government of reservations, or from liability to prosecution for crime under their provisions.

On Demurrer to Indictment.

John H. Hall, for the United States.

M. L. Pipes and B. F. Jones, for defendant.

BELLINGER, District Judge. This is a demurrer to an indictment charging the defendant with having assaulted an Indian upon the Siletz Indian reservation, in this district, with intent to kill; the defendant being at the time armed with a dangerous weapon. It is stipulated that the defendant is an allottee in severalty of lands upon the reservation under the act of February 8, 1887. The defendant demurs to the indictment upon the grounds: First, that the facts alleged and stipulated are not sufficient to constitute a crime; second, that the court has no jurisdiction of the crime charged.

The statutes under which the indictment is found are as follows:

Section 5346: "Every person who, upon the high seas, or in any arm of the sea, or in any river, haven, creek, basin, or bay, within the admiralty jurisdiction of the United States, and out of the jurisdiction of any particular state, on board any vessel belonging in whole or part to the United States, or any citizen thereof, with a dangerous weapon, or with intent to perpetrate any felony, commits an assault on another shall be punished by a fine of not more than three thousand dollars, and by imprisonment at hard labor not more than three years."

Section 9, Act March 3, 1885 (23 Stat. 385): "That immediately upon and after the date of the passage of this act all Indians, committing against the person or property of another Indian or other person any of the following crimes, namely, murder, manslaughter, rape, assault with intent to kill, arson, burglary, and larceny within any territory of the United States, and either within or without an Indian reservation, shall be subject therefor to the laws of such territory relating to said crimes, and shall be tried therefor in the same courts and in the same manner and shall be subject to the same penalties as are all other persons charged with the com-

mission of said crimes, respectively; and the said courts are hereby given jurisdiction in all such cases; and all such Indians committing any of the above crimes against the person or property of another Indian or other person within the boundaries of any state of the United States, and within the limits of any Indian reservation, shall be subject to the same laws, tried in the same courts and in the same manner, and subject to the same penalties as are all other persons committing any of the above crimes within the exclusive jurisdiction of the United States."

The question for decision turns upon the construction to be given to the last clause of the section just quoted: "And all such Indians committing any of the above crimes against the person or property of another Indian or other person within the boundaries of any state of the United States, and within the limits of any Indian reservation, shall be subject to the same laws, tried in the same courts and in the same manner, and subject to the same penalties as are all other persons committing any of the above crimes within the exclusive jurisdiction of the United States." The crime charged is within the description of "any of the above crimes," contained in the clause last quoted; and I am of the opinion that the offenses provided for in section 5346 within the admiralty jurisdiction of the United States and out of the jurisdiction of any particular state are "within the exclusive jurisdiction of the United States," within the meaning of the last clause of section 9 of the act of 1885, and that an Indian committing such an assault as is described in said section 9 is punishable as other persons are punished under section 5346 for the commission of like offenses. I am of the opinion, further, that the allotment of lands to the defendant does not take the case out of the jurisdiction of this court. The Indians affected by these allotments are still dependent communities. The lands allotted to them continue to be held by the United States, in trust for their benefit. The allottees are still subject to the regulations provided for the government of Indian reservations. Notwithstanding the mandate of the act of congress declaring them citizens, they are still minors in the eyes of the law, incapable of disposing of the lands held by them, or even of leasing them without the consent of the reservation agent; and their dependence is still so complete that it is a crime to sell or give to them whisky or other intoxicants. The rights of the defendant as an allottee of land are not material. The question of jurisdiction is with reference to the place where the crime was committed, which must be "within the limits" of a reservation. Unless the allotment took this land out of the reservation limits, a thing beyond question and not contended for, the jurisdiction of the court is not affected by it. The demurrer must be sustained because of the omission of the pleader to allege that the defendant is an Indian. This omission is fatal. I have considered the other and vital questions presented in the case, however, because these questions cannot be affected by another indictment.